979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pedro B. TAMAYO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3248.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1992.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Pedro B. Tamayo petitions for review of the December 24, 1991 Merit Systems Protection Board decision, Docket No. SE08318910338, dismissing his appeal as untimely filed. We affirm.
 
 DISCUSSION
 
 2
 On June 19, 1979, the former Bureau of Retirement, Insurance, and Occupational Health, U.S. Civil Service Commission, now the Office of Personnel Management (OPM), denied Tamayo's application for a deferred civil service retirement annuity. On June 26, 1980, the Board affirmed the denial. Tamayo's request for reconsideration was denied by the Board on June 3, 1981. Approximately eight years later, on March 21, 1989, Tamayo sought to reopen his claim before the Board. On July 27, 1989, the Administrative Judge (AJ) determined that Tamayo was attempting to relitigate OPM's denial of his application for an annuity and dismissed Tamayo's appeal as barred by the doctrine of res judicata. The AJ informed Tamayo that the decision would become final on August 31, 1989 unless he filed a petition for review by that date or the Board reopened the case on its own motion.
 
 
 3
 Approximately two years later, on August 14, 1991, Tamayo wrote a letter to the Board regarding his annuity. The Clerk of the Board informed Tamayo by letter dated September 12, 1991, that it was unclear whether Tamayo's submission was intended as a petition for review of the August 31, 1989 decision and, if it was so intended, the petition was untimely. Tamayo was informed that he must "refile" the petition and show good cause for the late filing. 5 C.F.R. § 1201.114(d) and (f) (1992). The Board received Tamayo's second petition on October 9, 1991, however, Tamayo failed to respond to the timeliness issue. On December 24, 1991, the Board determined that Tamayo did not establish good cause for the two year delay. Accordingly, the Board dismissed the appeal.
 
 
 4
 A petition for review must be filed within 35 days after the initial decision is issued. 5 C.F.R. § 1201.114(d). The Board has broad discretion to decide whether to waive this time limit. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). This court will not substitute its own judgment for that of the Board on timeliness issues unless an abuse of discretion is shown. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982).
 
 
 5
 The record does not show, and Tamayo has not argued, that the Board abused its discretion by not waiving the time limit in this case.[1] Here, the AJ in his July 27, 1989 initial decision clearly informed Tamayo that the decision would become final on August 31, 1989 unless he filed a petition for review by that time or the Board reopened the case on its own motion. Upon untimely filing, Tamayo was given the opportunity to offer an explanation, and he failed to do so. We cannot say under these circumstances that the Board's determination that Tamayo did not establish good cause for the delay was an abuse of discretion.
 
 
 
 [1]
 Tamayo merely argues the merits of the case by attempting to explain why he should receive an annuity. However, the merits of Tamayo's case are not before this court. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986)